United States District Court
Southern District of Texas
**ENTERED**
October 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GLORIA CANINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00158 |
| | § | |
| SAM'S EAST, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING REMOVAL AND REMAND

This is an employment-related personal injury case that was removed to this Court from the County Court at Law No. 3, Nueces County, Texas.  Before the Court are two motions:

(1) Plaintiff Gloria Canine's (Canine's) Motion to Remand (D.E. 11), together with Sam's East, Inc. (Sam's East) and Wal-Mart Associates, Inc.'s (Wal-Mart's) response (D.E. 13) and Canine's reply (D.E. 17); and

(2) Sam's East and Wal-Mart's Motion for Leave to Amend Notice of Removal (D.E. 14) and Canine's response (D.E. 16).

For the reasons set out below, the Court **GRANTS** the motion to amend the notice of removal (D.E. 14) and **DENIES** the motion to remand (D.E. 11).

### STANDARD OF REVIEW

**A.  Removal, Generally**

The propriety of removal is evaluated under the well-pleaded complaint rule:  "on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995); *see also, Pullman Co.*

*v. Jenkins*, 305 U.S. 534, 537 (1939); *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020).  On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp.–Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981); *see also, Cuellar v. Crown Life Ins. Co.*, 116 F. Supp. 2d 821, 825 (S.D. Tex. 2000).

With respect to the statutory requirements, "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno, supra*.  The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

## B. Removal and Workers' Compensation Law

Removal of certain types of cases may be prohibited by statute.  Actions arising under a state's workmen's compensation laws are one such prohibited category.  28 U.S.C. § 1445(c).  There is a "strong congressional policy that looks upon compensation cases— vitally important as they are to the victims of industrial disease and accident—as being of such a technical statutory form that they have little real business in federal court."  *Kay v. the Homeland Indem. Co.*, 337 F.2d 898, 901 (5th Cir. 1964).

The Fifth Circuit has read § 1445(c) broadly.  *See Trevino v. Ramos*, 197 F.3d 777, 781-82 (5th Cir. 1999) (retaliatory discharge case), *cert. denied sub nom Levi Strauss & Co. v. Trevino*, 531 U.S. 1036 (2000).  In so doing, it has acknowledged that common law claims that are merely "related to" the Texas Workers' Compensation Act (TWCA) remain removable.  *Patin v. Allied Signal, Inc*., 77 F.3d 782, 787 (5th Cir. 1996) (finding no bar to removal in a claim for the breach of good faith and fair dealing against a workers' compensation insurance carrier).

## PROCEDURAL HISTORY

**Plaintiff's Well-Pleaded Complaint**.  Canine filed this action against Wal-Mart (and Wal-Mart only) alleging that it was her employer when she was injured in the course of her work at a Sam's Club store.  D.E. 1-2, p. 8.  She stated claims sounding in negligence regarding the employer's nondelegable duties related to providing a safe workplace and safe working conditions.  She also alleged that Wal-Mart was a nonsubscriber to the Texas workers' compensation insurance program and made no claims for subscriber benefits.  *Id*., p. 11.

Wal-Mart's employer liability under the Texas common law of torts is, as a matter of law, modified by the TWCA's provision regarding the assignment of burdens of proof and the bar against the use of certain defenses or affirmative defenses.  *Id*.; TWCA, Tex. Labor Code § 406.033.  As such, Canine expressly pled that the case was nonremovable under 28 U.S.C. § 1445(c) because "A civil action in any State court arising under the

workmen's compensation laws of such State may not be removed to any district court of the United States."

**Wal-Mart's Appearance**.  Wal-Mart, represented by John A. Ramirez, timely answered the county court lawsuit with a general denial and a number of affirmative defenses, none of which violate the TWCA restrictions.  D.E. 1-3.  It did not, however, file any verified pleading, as required under the Texas Rules of Civil Procedure, stating that there was any defect of parties.  *See* Tex. R. Civ. P. 93(4).  Thus, it appeared for all purposes in the case.

**Sam's East Appearance and Removal**.  The next day, through the same attorney, Sam's East filed an identical pleading as an "amended" answer, reciting that it was filed by Sam's East, "incorrectly named as" Wal-Mart.  D.E. 1-4.[1]  It still did not contain a verified pleading that there was a defect of parties.  Sam's East simultaneously filed a notice of removal, again reciting that it was filed by Sam's East "incorrectly named as" Wal-Mart, signed by the attorney representing both corporations.  D.E. 1.

## DISCUSSION

Canine seeks remand for the following reasons:

A. Sam's East was not a proper party (had not been named and had not properly intervened) and had no power to remove the case;

B. Wal-Mart was the only named defendant and it did not timely effect, or consent to, removal;

---

[1]  Canine argues that this filing rendered Wal-Mart's answer (D.E. 1-3) a nullity.  D.E. 16, pp. 3-4.  But Canine cannot have it both ways—arguing that the removal filed by Sam's East "incorrectly named as" Wal-Mart was a document filed solely by Sam's East and arguing that the amended answer filed in the same way was effectively an amended answer filed for Wal-Mart.

    C. The notice of removal is fatally defective because it does not state Wal-Mart's citizenship facts in support of diversity jurisdiction; and

    D. This case arises under the TWCA and is therefore nonremovable.

D.E. 11.

Sam's East and Wal-Mart seek to amend the notice of removal pursuant to 28 U.S.C. § 1653 to clarify that it is filed on behalf of both defendants and to add Wal-Mart's missing citizenship allegations, such that they relate-back to the original filing of the notice of removal. D.E. 14. More specifically, their proposed amended notice of removal would state that it is filed by Sam's East "***and*** incorrectly named" Wal-Mart. D.E. 14-1 (emphasis added). D.E. 14-1.

### A. Whether Sam's East Had the Power to Remove the Case

Canine did not name Sam's East as a party. Wal-Mart did not file a third-party claim against Sam's East. *See* Tex. R. Civ. P. 38(a) (providing the procedure for third party practice). Neither party addressed the issue as one involving a misjoinder. *See* Tex. R. Civ. P. 39-41 (mandatory and permissive joinder practice). Sam's East simply filed an answer, intervening and claiming to be the true defendant. *See* Tex. R. Civ. P. 60.

The Supreme Court of Texas has summarized the right to intervene as follows:

> Rule 60 of the Texas Rules of Civil Procedure states that any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party. The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right. An intervenor is not required to secure the court's permission to intervene; the party who opposed the intervention has the burden to challenge it by a motion to strike. If any party to the pending suit moves to strike the intervention, the intervenor has the burden to show a justiciable interest in the pending suit.

*Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (footnotes omitted; cleaned up).  This

belies Canine's representation that Sam's East did nothing to intervene in the state court

suit despite the fact that it filed an answer asserting its status as a defendant.  *See* D.E. 11,

p. 9.  Her argument that Sam's East had done nothing to gain status as an intervening party-

defendant is made without any reference to Texas authority.

Intervenors "can occupy the position of a defendant where their claims and prayer

align them with the defendant and pit them directly against the plaintiff, even if no parties

assert claims against them."  *In re Ford Motor Co.*, 442 S.W.3d 265, 275 (Tex. 2014) (orig.

proceeding).  Such an intervention by a party claiming to be a defendant supports litigation

rights under Texas procedure, such as seeking a case transfer.  *Mass. Bay Ins. Co. v. Adkins*,

615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Under federal law, removal is a right granted to "a defendant or defendants."  28

U.S.C. § 1446(a).  The statute makes no distinction between named and intervening

defendants.  And the Fifth Circuit has held that a unilateral intervention as a defendant is

sufficient to support the right to remove a case to federal court, even without any pending

allegations against the intervenor.  *Madison v. ADT, L.L.C.*, 11 F.4th 325, 329 (5th Cir.

2021) (removal under the Class Action Fairness Act by a "primary defendant" may be

accomplished by an otherwise unnamed, intervening defendant claiming that it is a primary

target of the case).  Under this rationale, Sam's East effectively answered, intervening as a party-defendant.[2]

Canine's authority is distinguishable.  *See* D.E. 11, p. 7.  The *De Jongh* case was not removable because the parties that the plaintiff sued did not have diversity of citizenship to support federal jurisdiction.  No action that State Farm took had eliminated their presence in the suit.  *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (per curiam).  It is true that the Fifth Circuit wrote "State Farm did not move to intervene or otherwise request that the state court substitute it as the proper party in interest."  *Id*. at 436.  However, it did not analyze, as we have done here, whether the answer was an effective intervention under Texas procedure.  In *De Jongh*, that issue did not matter because, even if State Farm had made itself a party-defendant, there was still no diversity jurisdiction.  And as an unpublished decision, it is not entitled to precedential authority on different facts.[3]

The same is true of *Valencia v. Allstate Texas Lloyds*, 976 F.3d 593, 595-96 (5th Cir. 2020) (per curiam).  In that opinion, the Fifth Circuit did not investigate Texas procedure and the way in which it allows unilateral intervention as a party-defendant (subject to a party's motion to strike).  And it did not matter in the end because the

---

[2]  Alternatively, as addressed below, Sam's East represented, through counsel also representing Wal-Mart, that it was filing the removal on behalf of "incorrectly named" Wal-Mart.  Consequently, the argument that a defendant named in the complaint is the only defendant who can remove is moot.

[3]  Fifth Circuit Rule 47.5.4 (Unpublished Opinions Issued on or After January 1, 1996).  "Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)."

originally-named defendant, still a party to the lawsuit, had Texas citizenship that defeated diversity jurisdiction.

Indeed, the authority Canine attached to her motion states, "The proper course in such a situation is for the nonparty to intervene in state court, then remove." *Casas v. Anthony Mech. Servs., Inc*., No. 5:21-CV-168-H, 2022 WL 541787 *1 (N.D. Tex. Feb. 23, 2022) (D.E. 11-6).  Sam's East did just that.  While not stating the same proposition quite as succinctly, Canine's other attached authority, *Obaya v. Allstate Vehicle & Prop. Ins. Co*., No. SA-21-CV-00935-XR, 2021 WL 4988299 *2 (W.D. Tex. Oct. 26, 2021) (D.E. 11-7) also condemns the removal only because the removing party did not first make itself an "actual party" to the case in state court.

The Court **HOLDS** that Sam's East had the right to remove the case as an intervening defendant and did so.  Even without eliminating the presence of Wal-Mart in the case, there was no impediment to diversity jurisdiction in this Court.  The Court **REJECTS** Canine's first argument for remand—that Sam's East did not have the power to remove the case.

### B.  Whether Wal-Mart's Status Defeats Removal, Procedurally

While Sam's East had the unilateral right to intervene as a defendant, it does not follow that, by claiming to be the correct defendant, it—unilaterally—could or did supplant Wal-Mart as a party defendant in the case.  Pending a determination on the merits of Wal-Mart's status, removal had to account for both Sam's East and Wal-Mart as defendants.

Joining in, or consenting to, removal is required of all defendants by 28 U.S.C. §§ 1441(a), 1446(b)(2).  This is termed the rule of unanimity.  However, the requirement is excused if the party is only a nominal, unnecessary, or formal party-defendant, along with two other reasons not applicable here.  *See Moreno Energy, Inc. v. Marathon Oil Co*., 884 F. Supp. 2d 577, 582 (S.D. Tex. 2012).  Sam's East lists Wal-Mart only as an "incorrectly named" party.  It is not alleged to be, nor does it appear to be, a nominal, unnecessary, or formal party-defendant.  Canine emphatically asserts that she intended to sue Wal-Mart for good reason.  Therefore, Wal-Mart must have joined in or consented to removal under the rule of unanimity.

How a defendant evidences its satisfaction of this rule was described by the Fifth Circuit as follows:

> [W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, *or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so*, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am*., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (emphasis added).

Canine complains that the notice of removal is written as if only Sam's East was the filing party, only Sam's East was the relevant citizen for diversity purposes, and the attorney's signature line states representation of only Sam's East.  Wal-Mart did not file a

separate notice of, or consent to, removal within the time for doing so. *See* 28 U.S.C. § 1446(b)(2)(A). At the same time, it is clear that removal was effected in a writing on behalf of Sam's East "incorrectly named as" Wal-Mart, which was filed by the attorney representing both Sam's East and Wal-Mart.

The parties have not supplied any authorities to guide the Court on how to construe pleadings that are filed in the name of one corporation "incorrectly named as" another corporation. The Court's independent research has revealed no such authorities.

Canine argues that there was no mistake—she sued Wal-Mart because Wal-Mart is her employer listed on her paycheck. Sam's East argues that there must have been a mistake because the incident allegedly took place while Canine was working at a Sam's Club store and its employees are not Wal-Mart, but Sam's East, employees. It is conceivable that both are correct under Texas law.

> Neither the definitions of "employer" and "employee" under the [Workers' Compensation] Act nor the exclusive remedy provision expressly forecloses the possibility that there may be more than one employer. The definitions do not provide that a general employer ceases to be the employee's employer for workers' compensation purposes when another person exercises control over the details of the employee's work and the employee is thereby expressly or impliedly in the service of that third person under a contract of hire. And in examining the Labor Code's overall scheme for workers' compensation and for protecting workers, we conclude that the Act's decided bias in favor of employers electing to provide coverage for their employees supports our conclusion that the Act permits more than one employer for workers' compensation purposes.

*Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 139–40 (Tex. 2003); *see also, Morales v. Acadia Elastomers Corp*., No. CIV.A. H-04-3401, 2006 WL 778625, at *6 (S.D. Tex. Mar. 27, 2006).

Therefore, for removal purposes, it is of no consequence whether either Sam's East or Wal-Mart filed a verified pleading objecting to a defect of parties.  Both could be proper parties and both could act as such until proven otherwise.  A verified pleading remains a possibility so long as pleadings could be amended in the state court case.  *See* Tex. R. Civ. P. 93(13); *Emps. Ins. of Wausau v. Contreras*, 860 S.W.2d 264, 266 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  Moreover, the requirements of Rule 93—procedural matters—do not apply in federal court.  *See Follenfant v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).

And there would be no reason to preclude Canine from prosecuting her case against either defendant, given that they have both answered.  But for liability purposes, this question will be subject to a decision on the evidence—a matter that is premature at this juncture.  Therefore, the question for the Court is whether the manner in which Sam's East removed the case effectively included or excluded Wal-Mart.

The two defendants are independent corporations, but are clearly related if for no other reason than that an employee working at a Sam's Club store is paid through an account on which Wal-Mart is named, as Canine alleges (with supporting documents).

Given that both are represented by the same counsel,[4] the Court **HOLDS** that the removal filed by Sam's East "incorrectly named as" Wal-Mart evidences that Wal-Mart joins in, or consents to, the removal.[5]   The Court **REJECTS** Canine's argument that the notice of removal was procedurally defective by failing to account for Wal-Mart's presence in the case.

### C.  Sufficiency of Diversity Jurisdiction Allegations

It is a separate question whether the notice of removal sufficiently alleged diversity jurisdiction, which—as the case now sits—requires diversity of citizenship between Canine and both Sam's East and Wal-Mart.  It is undisputed—despite the disagreement as to whether Wal-Mart is a Delaware corporation[6]—that this case satisfies all requirements for diversity jurisdiction whether the defendant is Sam's East and/or Wal-Mart.  However, contrary to Sam's East and Wal-Mart's argument, the notice of removal contains allegations of diversity that appear to reference the citizenship facts of only Sam's East— even if Sam's East and Wal-Mart's citizenship facts are identical and there is a separate

---

[4]   The Court notes that the outcome of this issue may be different if the two corporations were separately represented. However, the Court find that Wal-Mart's counsel's signature on the notice of removal reciting that Sam's East was incorrectly named as Wal-Mart is binding on Wal-Mart as a participant in the relief requested.

[5]   The requirement of an attorney's signature does not include a recitation of the party that the attorney represents. "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11.  Wal-Mart's attorney of record is John A. Ramirez, SBN. 00798450, Bush & Ramirez, PLLC, 5615 Kirby, Suite 900, Houston, Texas 77005, (713) 626-1555 Telephone, (713) 622-8077 Telecopier, jramirez.atty@bushramirez.com. D.E. 1-3.  This is the same attorney who signed the notice of removal. D.E. 1.

[6]   Defendants assert that Wal-Mart is a Delaware corporation, although the notice of removal recited only Arkansas as the state of incorporation.  *Compare* D.E. 1, p. 2 *with* D.E. 13, p. 6.  Canine argues that Wal-Mart is a Delaware corporation, attaching Texas Secretary of State records indicating that fact.  D.E. 11-1.  And both the notice of removal and proposed amended notice of removal include nonspecific recitations of defendant citizenship in Delaware.  D.E. 1, p.2, D.E. 14-1, p. 3.

representation of Delaware citizenship.  *See* D.E. 13, pp. 5-6 (claiming that the notice of removal sets out citizenship facts for both in a collective manner).[7]  Canine argues that this is a fatal defect.  Sam's East and Wal-Mart seek to amend the notice to correct the issue, stating that it is not fatal.

The removing party may freely amend the notice of removal within the thirty-day period for filing it.  *See* 28 U.S.C. § 1446(b); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1165 (5th Cir. 1989) (citing Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3733 at 537 (2d ed. 1985)).  That thirty-day period had expired before Sam's East and Wal-Mart filed their motion for leave to amend.  Sam's East entered a voluntary appearance in the case without service of summons no later than July 16, 2024.  D.E. 1-4.  Its thirty-day period then expired on August 15, 2024.  The motion for leave to amend was not filed until September 3, 2024.  D.E. 14.  Therefore, Sam's East and Wal-Mart missed their no-questions-asked right to amend by over two weeks.

The Fifth Circuit has held that, after the expiration of the thirty-day period, the removing party may rely on 28 U.S.C. § 1653 to amend defective allegations of jurisdiction.  *Kumar v. Panera Bread Co.*, No. 23-20178, 2024 WL 1216562, at *3 (5th Cir. Mar. 21, 2024); *see also, Huynh v. Walmart Inc.*, 30 F.4th 448, 452 n.2 (5th Cir. 2022) (allowing amendment of notice of removal "[b]ecause of conflicting representations by Walmart in the district court and on appeal regarding its corporate structure, the entities

---

[7]  Canine argues that the citizenship facts are not identical.  *E.g.*, D.E. 11, p. 4; D.E. 11-1, 11-2; D.E. 16, p. 6.  This is a moot distinction here as there is still diversity jurisdiction if Canine is correct.  And this remains an issue of inadequate citizenship allegations that can be amended under 28 U.S.C. § 1653, as set out below.

involved, and their states of incorporation and residence"); *English v. Aramark Corp.*, 858 F. App'x 115, 117 n.4 (5th Cir. 2021) (collecting cases allowing amendment to state missing diversity allegations).

Section 1653 is to be "broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-88 (5th Cir. 2000) ("There can be no question that allowing Whitmire to cure her jurisdictional defect by stating the requisite facts showing that diversity jurisdiction exists as an alternative basis for subject matter jurisdiction would not create jurisdiction where it did not previously exist"). The amendment in *Whitmire* was consistent with the rule that an amendment under § 1653 may remedy inadequate jurisdictional allegations, but not defective jurisdictional facts. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

Pursuant to 28 U.S.C. § 1446(a), the notice of removal must contain "a short and plain statement of the grounds for removal." The basis for removal—the jurisdictional fact—is clearly stated in the notice as diversity jurisdiction. Because the notice of removal failed to include allegations regarding the citizenship of Wal-Mart (inadequate jurisdictional allegations), Sam's East and Wal-Mart may amend the notice of removal pursuant to 28 U.S.C. § 1653 to now include those facts.

The Court **REJECTS** Canine's motion for remand on the third basis—that the notice of removal was fatally deficient for failing to include all citizenship allegations. The Court **GRANTS** Sam's East and Wal-Mart's motion for leave to amend (D.E. 14) and **FINDS** that Defendants may provide additional jurisdictional allegations to support their

removal on the basis of diversity jurisdiction. The Court does not accept the proposed amended notice (D.E. 14-1) because further clarification is necessary pursuant to the separation of the Defendants and the evidence Canine supplied regarding Wal-Mart's incorporation in Delaware.

### D. Nonremovability of Workers' Compensation Actions

It is not enough that diversity jurisdiction is satisfied. Removal must also be available for the type of case brought. Some cases are categorically nonremovable. Canine argues that this case is nonremovable because "A civil action in any State court *arising under the workmen's compensation laws* of such State may *not* be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added); D.E. 11.

Canine, a Texas worker, sued her employer, Wal-Mart. It is undisputed that both Wal-Mart and Sam's East are nonsubscribers to the Texas workers' compensation insurance scheme. *See* D.E. 13, p. 1. Nonetheless, any personal injury case brought by an employee against a nonsubscriber employer must sound in negligence principles and comply with TWCA § 406.033's limitation on common law defenses.

This creates the question whether such an action "arises under" the TWCA. It is well-established that such an action is "governed" by the TWCA. The Fifth Circuit has held that such an action must "proceed *within the parameters* delineated in [TWCA] section 406.033." *Am. Intern. Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 565 (5th Cir. 2010) (emphasis added). More specifically, the Supreme Court of Texas has written, "Labor Code § 406.033, which is part of the Workers' Compensation Act, *governs*

an employee's personal-injury action against his or her employer, when the employer is a nonsubscriber under the Act." *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000) (emphasis added).

> In enacting section 406.033 and its predecessors, the Legislature intended to delineate explicitly the ***structure*** of an employee's personal-injury action against his or her nonsubscribing employer. Section 406.033(a) ***prescribes the defenses*** that are unavailable to a nonsubscriber; section 406.033(c) ***dictates the defenses*** that implicate the employee's conduct and ***on which an employer may rely***; and section 406.033(d) ***provides the employee's burden of proof***, stating that "the plaintiff must prove ***negligence*** of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment."

*Kroger*, 23 S.W.3d at 350–51 (emphasis added).

It is a separate question whether a claim that is "governed" by the workers' compensation act also "arises under" that act. *See* 28 U.S.C. § 1445(c). As the Fifth Circuit observed, "even where the TWCA sets certain parameters on an employee's claim against a nonsubscriber, it does not necessarily transform the claim into an obligation under the TWCA." *Rentech Steel*, 620 F.3d at 566 (citing *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653 (Tex. 2008) and adjudicating whether the claim was a TWCA "obligation" for insurance policy exclusion purposes). It then quoted the Texas Supreme Court's approach to the TWCA in *Kroger Company v. Keng*, 23 S.W.3d at 349, and observed, "This suggests that the right to bring a claim against a nonsubscriber for negligence remains what it has always been—a right arising under common law." *Rentech*, 620 F.3d at 565.

Yet the Fifth Circuit, in *Rentech*, was adjudicating an insurance policy's exclusion of TWCA "obligations."  It acknowledged that it has not yet held whether a claim against a nonsubscriber that is governed by the TWCA "arises under" that act for nonremovability purposes.  *See Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 218 n.1 (5th Cir. 2020) (the nonremovability of a claim arising under workers' compensations laws is not a jurisdictional issue and was procedurally waived).  And federal trial courts acknowledge this lack of binding Fifth Circuit precedent leaves it as an open question.

As a result, there is a split of opinions among our sister courts, as Canine observed. D.E. 11, p. 11.  But with the passage of time, it is apparent that the split is overstated.  Since the Fifth Circuit issued *Rentech* on September 10, 2010, the Court has found only five opinions that have remanded § 406.033 cases pursuant to § 1445(c), compared to legions that have approved removal.[8]  And those five remanding cases are unpersuasive.

---

[8]  Cases approving removal of § 406.033 cases include:  **Southern District of Texas**:  *Herring v. TrueBlue People Ready, Inc.*, No. 4:21-CV-00260, 2021 WL 4427245, at *3 (S.D. Tex. Sept. 27, 2021), *report and recommendation adopted*, No. 4:21-CV-00260, 2021 WL 4949275 (S.D. Tex. Oct. 25, 2021) (describing the list of federal courts denying remand as "large and growing"); *Mayes v. The Home Depot USA, Inc.*, No. 4:15-CV-02390 (S.D. Tex. Dec. 23, 2015) (citing *Rentech* and treating the claim as arising under common law); *Harrington v. Home Depot USA, Inc.*, No. H-11-1787 (S.D. Tex. July 12, 2011) (citing *Rentech* and noting its disagreement with *Figueroa v. Healthmark Partners, LLC*, 125 F. Supp. 2d 209, 211 (S.D. Tex. 2000)); **Western District of Texas**:  *Kaspar v. Ryder Integrated Logistics, Inc.*, No. EP-20-CV-00245-RFC, 2020 WL 6741654 (W.D. Tex. Nov. 17, 2020); *Scalza v. Green Bay Packaging, Inc.*, No. EP-18-CV-337-PRM, 2019 WL 13199716, at *5 (W.D. Tex. Jan. 25, 2019); *Casas v. R & L Carriers, Inc.*, No. EP-17-CV-122-PRM, 2017 WL 11207252 (W.D. Tex. June 12, 2017); *Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 578 (W.D. Tex. 2017); *Rocha v. Macy's Retail Holdings, Inc.*, No. EP-17-CV-73-PRM, 2017 WL 8182754 (W.D. Tex. May 4, 2017); *Lucas v. ProTrans Int'l, Inc.*, No. EP-14-CV-00427-FM, 2015 WL 13796688 (W.D. Tex. Jan. 26, 2015*); Rodriguez v. Home Depot USA, Inc.*, No. EP–14–CV–175–PRM, 2014 WL 10183558 (W.D. Tex. Sept. 11, 2014); *Poljanec v. Home Depot USA, Inc.*, No. SA–14–CV–318–XR, 2014 WL 2050946 (W.D. Tex. May 19, 2014); *Betancourt v. Electrolux Home Care Prods., Inc.*, No. EP-10-CV-320-PRM, 2010 WL 11651996 (W.D. Tex. Dec. 9, 2010) (remanded on procedural grounds); **Northern District of Texas**:  *Ben v. R & L Carriers, Inc.*, No. 3:16-CV-0998-B, 2016 WL 3632807 (N.D. Tex. July 7, 2016); *Muse v. Kroger Tex., LP*, No. 3:14-CV-3225-N, 2015 WL 11022866 (N.D. Tex. Mar. 3, 2015); *Morris v. Home Depot USA, Inc.*, No. 3:10–CV–2289–B, 2011 WL 711047 (N.D. Tex. Feb. 28, 2011); *see also, Wagner v. FedEx Freight, Inc.*, 315 F. Supp. 3d 916 (N.D. Tex. 2018) (gross negligence case under § 408.001 removable).

Prior to *Rentech*, the Southern District of Texas case of *Figueroa v. Healthmark Partners, LLC*, 125 F. Supp. 2d 209, 211 (S.D. Tex. 2000), was one of the most detailed and influential decisions on this issue.  And it remanded the case.  However, this Court has reviewed *Figueroa* and determined that its analysis does not stand up after *Rentech*.  It has been discredited and is no longer cited as authoritative.  *E.g., Harrington*, No. H-11-1787, *supra*; *Lucas*, 2015 WL 13796688; *Morris*, 2011 WL 711047.  The *Rentech* opinion addressed *Figueroa* as one of a trio of cases that had incorrectly analyzed the TWCA, stating that "These courts interpreted *Foust's* language—that employers 'depart the general common-law tort system' upon hiring workers regardless of whether they choose to subscribe to the workers' compensation system—as implying that the common-law claims had been extinguished."  *Rentech*, 620 F.3d at 570 (discussing *Foust v. City Ins. Co*, 704 F. Supp. 752 (W.D. Tex. 1989)).

Canine failed to cite any post-*Rentech* opinions remanding the claims in the Southern District of Texas and the Court found none.  The majority of cases writing on this issue have come out of the Western District of Texas, and particularly the El Paso Division.  Four of the five post-*Rentech* opinions that remanded § 406.033 claims under §1445(c) came from that division.  Two relied on the same misinterpretation of *Foust* as did *Figueroa*:  *Ernewayn v. Home Depot USA, Inc*., No. EP-12-CV-00387-DCG (W.D. Tex. Dec. 3, 2012) and *Lizalde v. Vista Quality Mkts*, No. EP-12-CV-156-DB (W.D. Tex. June 26, 2012).  Both also minimized or distinguished *Rentech*. And they have been critiqued

within their district.  *Casas*, 2017 WL 11207252 at *5 (disapproving of *Ernewayn* and *Lizalde*).

The remaining two ultimately held that the split of decisions was a sufficient basis for resolving doubts in favor of remand:  *Vargas v. W. Dairy Transps.*, LLC, No. EP-12-CV-149-KC, 2012 WL 13148819 (W.D. Tex. July 30, 2012) (Cardone, J.) and *Trevizo v. Home Depot USA, Inc*., No. EP-17-CV-00071-DCG, 2017 U.S. Dist. LEXIS 183490 (W.D. Tex. Apr. 28, 2017) (Guaderrama, J.).  *Vargas* has since been reconsidered and discredited by its author.  *Gomez v. O'Reilly Auto. Stores, Inc*., 283 F. Supp. 3d 569, 578 n.5 (W.D. Tex. 2017) (Cardone, J.); *see also, Casas*, 2017 WL 11207252 at *5 (disapproving of *Vargas*).  Other cases, including *Kaspar*, *Casas*, and *Poljanec*, have discredited *Trevizo* by holding that a split of authority is an insufficient basis for remand.

Therefore, the Western District's remanding cases are not persuasive.  The Court found no post-*Rentech* remanding cases in the Northern District.  And there was only one remanding case in the Eastern District of Texas:  *Odom v. Tyson Foods, Inc*., No. 6:10-cv-667, 2011 WL 13141414 (E.D. Tex. Feb. 10, 2011).  *Odom* was issued only five months after *Rentech* and does not mention it.  Rather, its decision is based on the fact that there is a split of opinions among pre-*Rentech* cases.

Having evaluated the reasoning of all of the cases the parties cited and multiple more (cited herein), the Court is persuaded that the clear majority of cases properly hold that personal injury claims brought against nonsubscriber employers pursuant to the parameters of § 406.033 are modified by the TWCA, but are not cases that arise under the

TWCA.  They arise out of the common law.  Therefore, they are not within § 1445(c)'s category of nonremovable cases.  In that regard, the Court has nothing to add to the abundant jurisprudence on this issue and adopts the reasoning of *Herring*, *Casas*, *Gomez*, and *Poljanec.*

There are, however, two fact issues that could conceivably alter the ultimate conclusion on removability in this case: (1) if Canine disputed the Defendants' nonsubscriber status and (2) if Defendants asserted the common law defenses that the TWCA prohibits, thereby requiring a legal determination of the TWCA's modification of those defenses.  *See generally*, *Gomez*, 283 F. Supp. 3d at 575.  But upon careful review of the pleadings, there is no issue that either Defendant is a subscriber and Defendants do not plead the barred defenses:  contributory negligence; assumption of the risk; or causation by fellow employee.  D.E. 1-3, 1-4.  Therefore, the Court issues no opinion regarding whether statement of such defenses would, in fact, defeat removability.

Last, the Court notes that Canine has argued that a technical flaw in the notice of removal is fatal.  She states—without benefit of authority—that, regardless of whether Sam's East and Wal-Mart can prevail on the merits of the § 1445(c) issue, they forfeited their right to do so.  That is because the original notice of removal did not address § 1445(c) after Canine had specifically pled it.  D.E. 11, p. 11.  While the removing party has the burden to defend federal jurisdiction in response to a motion to remand, nothing in that burden requires that it begin with anything more than the jurisdictional claim—diversity,

here.  It is clear that nonremovability under § 1445(c) is a procedural matter subject to waiver and is not jurisdictional.  *Milligan*, 809 F. App'x at 218 n.1.

The fact that Canine has included the argument in her motion to remand simply means that she did not waive it and the Court must address it on the merits.  The Court **REJECTS** Canine's argument that Sam's East and Wal-Mart waived the 1445(c) issue by failing to address it in the original notice of removal.  The Court **DENIES** Canine's motion to remand pursuant to § 1445(c) because Canine's claim does not arise under the TWCA.

## CONCLUSION

For the reasons set out above, the Court **GRANTS** Sam's East and Wal-Mart's motion to amend (D.E. 14) and **ORDERS** Defendants to file on or before **October 15, 2024,** an amended notice of removal that recites all of the necessary citizenship allegations for both Defendants.  The Court further **DENIES** Canine's motion to remand (D.E. 11) in its entirety.

**ORDERED** on October 4, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE